UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| LISA MCCLANAHAN, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   No.  3:19-cv-767-CRS ) |
| COUNTRY DOOR, INC., | ) ) |
|     Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, LISA MCCLANAHAN ("Plaintiff"), files this lawsuit for damages, and other legal and equitable remedies, resulting from the illegal actions of Defendant, COUNTRY DOOR, INC. ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## JURISDICTION AND VENUE

1. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States.

2. This Court has federal question jurisdiction because this case arises out of violations of federal law.  47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3. Defendant conducts business in Louisville, Jefferson County, Kentucky.

4. Venue and personal jurisdiction in this District are proper because Defendant transacts business in this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiff is a resident of Louisville, Jefferson County, Kentucky.

6. Defendant has a principal place of business located in Monroe, Green County, Wisconsin.

## FACTUAL ALLEGATIONS

7. Within the past year of Plaintiff filing this Complaint, Defendant began calling Plaintiff's cellular telephone number at xxx-xxx-9693, in an attempt to collect on an alleged debt owed by Plaintiff.

8. All of the telephone calls Defendant made to Plaintiff were an attempt to collect on Plaintiff's alleged debt.

9. Defendant calls Plaintiff from 877-995-9774, which is one of Defendant's telephone numbers.

10. On at least three occasions since Defendant began calling Plaintiff including, but not limited to, in or around April 2019, July 2019 and August 2019, Plaintiff has spoken with one of Defendant's representatives and has requested for Defendant to stop calling her.

11. Despite Plaintiff's repeated requests for Defendant to stop calling her, Defendant continued to call Plaintiff's cellular telephone unabated.

12. Prior to calling Plaintiff's cellular telephone, Defendant knew the number was a cellular telephone number.

13. All of the calls Defendants made to Plaintiff's cellular telephone resulted in Plaintiff incurring a charge for incoming calls.

14. During at least three conversations, Defendant learned that Plaintiff wanted Defendant to stop calling Plaintiff's cellular telephone.

15. Even if at one point Defendant had permission to call Plaintiff's cellular telephone,

Plaintiff revoked this consent.

16. Defendant continued to call Plaintiff's cellular telephone after Defendant knew Plaintiff wanted the calls to stop.

17. Within 4 years of Plaintiff filing this Complaint, Defendant used an automatic telephone dialing system to call Plaintiff's cellular telephone.

18. Within 4 years of Plaintiff filing this Complaint, Defendant called Plaintiff's cellular telephone in predictive mode.

19. Within 4 years of Plaintiff filing this Complaint, Defendant left pre-recorded voicemail messages for Plaintiff on Plaintiff's cellular telephone.

20. Within 4 years of Plaintiff filing this Complaint, Defendant left voicemail messages from live operators for Plaintiff on Plaintiff's cellular telephone.

21. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to store telephone numbers.

22. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers automatically.

23. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers without human intervention.

24. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers in sequential order.

25. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers randomly.

26. The telephone dialer system Defendant used to call Plaintiff's cellular telephone selects telephone numbers to be called according to a protocol or strategy entered by Defendant.

27. The telephone dialer system Defendant used to call Plaintiff's cellular telephone simultaneously calls multiple consumers.

28. While Defendant called Plaintiff's cellular telephone, Plaintiff's cellular telephone line was unavailable for legitimate use during the unwanted calls.

29. Defendant's calls constitute calls that are not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

30. As a result of Defendant's alleged violations of law by placing these automated calls to Plaintiff's cellular telephone without prior express consent, Defendant caused Plaintiff harm and/or injury such that Article III standing is satisfied in at least the following, if not more, ways:

    a. Invading Plaintiff's privacy;

    b. Electronically intruding upon Plaintiff's seclusion;

    c. Intrusion into Plaintiff's use and enjoyment of her cellular telephone;

    d. Impermissibly occupying minutes, data, availability to answer another call, and various other intangible rights that Plaintiff has as to complete ownership and use of her cellular telephone; and

    e. Causing Plaintiff to expend needless time in receiving, answering, and attempting to dispose of Defendant's unwanted calls.

## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

31. Defendant's conduct violated the TCPA by:

    a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in

violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, LISA MCCLANAHAN, respectfully requests judgment be entered against Defendant, COUNTRY DOOR, INC., for the following:

32. As a result of Defendant's negligent violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B).

33. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B) and 47 U.S.C. 227(b)(3)(C).

34. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

35. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

October 23, 2019

By: /s/ Shireen Hormozdi
Shireen Hormozdi
Hormozdi Law Firm, LLC
1770 Indian Trail Lilburn Road, Suite 175
Norcross, GA 30093
Tel: 678-395-7795
Fax: 866-929-2434
shireen@agrusslawfirm.com
shireen@norcrosslawfirm.com
Attorney for Plaintiff